```
UNITED STATES DISTRICT COURT
   DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| UFCW LOCAL 152 HEALTH & WELFARE FUND; UFCW LOCAL 152 RETAIL MEAT PENSION FUND; BRIAN STRING AS TRUSTEE AND FIDUCIARY, | Civil No. 12-7305 (NLH/JS)  **OPINION** |
| Plaintiffs, | |
| v. | |
| HOLIDAY SHOP N BAG AT WELSH ROAD; HOLIDAY SHOP N BAG AT DUGAN ROAD; MAYFAIR SHOP N BAG; HOLIDAY THRIFTWAY, | |
| Defendants. | |

**APPEARANCES**:

Jeffrey Robert Caccese, Esquire
Mark E. Poist, Esquire
O'Brien, Belland & Bushinksky, LLC
1526 Haddonfield-Berlin Road
Cherry Hill, New Jersey 08003
    *Attorneys for Plaintiffs*,

Holiday Shop N Bag at Welsh Road
2401 Welsh Road
Philadelphia, PA 19114

Holiday Shop N Bag at Dugan Road
7938 Dugan Road
Philadelphia, PA 19111

Mayfair Shop N Bag
6499 Sackett Street
Philadelphia, PA 19149

Holiday Thriftway
5147 Frankford Avenue
Philadelphia, PA 19124
    *Defendants*.

**HILLMAN, District Judge**:

Presently before the Court is the Motion for Default Judgment of Plaintiffs UFCW Local 152 Health & Welfare Fund, UFCW Local 152 Retail Meat Pension Fund (hereinafter "Local 152 Funds"), and Brian String, their trustee and fiduciary (collectively hereinafter "Plaintiffs"). [Doc. No. 6.] This Motion is not opposed by Defendant Holiday Shop N Bag at Welsh Road, Holiday Shop N Bag at Dugan Road, Mayfair Shop N Bag, or Holiday Thriftway (collectively hereinafter "Defendants"). For the reasons expressed below, Plaintiffs' Motion for Default Judgment will be granted.

I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This cause of action arises out Defendants' alleged failure to remit required payments for the benefit of its employees pursuant to the parties' Collective Bargaining Agreement ("CBA"), and Funds' Restated Agreement and Declaration of Trust and Policy and Procedure for the Collection of Delinquent Contributions ("Collection of Delinquent Contributions Policy"). Plaintiffs Local 152 Funds are employee benefit plans authorized to sue in their own name under Section 502(d)(1) of the Employee

2

Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(d)(1). (Compl. ¶ 5.) Brian String is the trustee and fiduciary of Local 152 Funds within the meaning of 29 U.S.C. § 1002(21)(A). (Id. ¶ 6.) Defendants are all grocery markets operating in or around Philadelphia, Pennsylvania. (Id. ¶¶ 10-13.)

The parties previously entered into a CBA, according to which Defendants were required to make contributions to the Local 152 Funds on behalf of company employees. (Id. ¶ 15.) In conjunction with the CBA, the parties likewise entered into the aforementioned Collection of Delinquent Contributions Policy. Plaintiffs presently contend that, beginning in April 2012, Defendants have continuously failed to remit certain required contributions to the UFCW Local 152 Retail Meat Pension Fund.[1] (Id. ¶ 16.) Plaintiffs therefore seek unpaid contributions, interest, liquidated damages, attorneys' fees and court costs from Defendants. (Id. ¶ 21.)

---

[1] There were initially two funds at issue in this action: (1) the UFCW Local 152 Health & Welfare Fund, and (2) the UFCW Local 152 Retail Meat Pension Fund. The Court has been advised that payments in the amount of $90,439.02 due to the UFCW Local 152 Health & Welfare Fund were received by Plaintiffs on November 30, 2012. (Pls.' Mot. Default J., Decl. of Ken Okerson ("Okerson Decl.") ¶ 7.) Accordingly, the instant Memorandum Opinion and accompanying Order only pertain to the unpaid contributions due to the UFCW Local 152 Retail Meat Pension Fund. (Id. ¶ 8.)

On November 27, 2012, Plaintiffs filed a Complaint against Defendants. [Doc. No. 1.] Service of the summons and Complaint were timely made on each Defendant: (1) service on Holiday Shop N Bag at Welsh Road was made on November 30, 2012 by personally serving a managing agent; (2) service on Holiday Shop N Bag at Dugan Road was made on December 1, 2012 by personally serving an authorized agent; (3) service on Mayfair Shop N Bag was made on December 1, 2012 by personally serving a managing agent; and, (4) service on Holiday Thriftway was made on December 1, 2012 by personally serving an authorized agent. (Pls.' Aff. in Supp. of Mot. for Default J., Exs. A-D.)

To date, however, Defendants have not entered an appearance or filed a responsive pleading in this case. Following the expiration of time to respond, Plaintiffs filed a Request for Default for failure to plead or otherwise defend on December 27, 2012, which the Clerk of Court entered on that same day. [Doc. Nos. 4 & 5.] Plaintiffs then filed the instant Motion for Default Judgment on January 17, 2013. [Doc. No. 6.] Defendants have not responded in opposition to this Motion. Accordingly, it is now ripe for judicial review.

**II. JURISDICTION**

The Court has federal question subject matter jurisdiction

over this action pursuant to 28 U.S.C. § 1331.[2] Specifically, this matter was brought under Section 502 and 515 of ERISA, 29 U.S.C. § 1132 and § 1145, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 1132.

**III. STANDARD OF REVIEW**

Default judgment is governed by Federal Rule of Civil Procedure 55, which states, in relevant part, as follows:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a). After an entry of default is entered pursuant to Rule 55(a), the plaintiff may seek the Court's entry of default judgment under either Rule 55(b)(1) or Rule 55(b)(2). Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 521 (3d Cir. 2006)(citing 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2682, at 13 (3d ed. 1998)). After a default judgment is entered, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as

---

[2] Section 1331 provides that:

> The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

28 U.S.C. § 1331.

5

true." Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990)(citing 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure, § 2688 at 444 (2d ed. 1983)).

Before imposing the sanction of default, district courts must consider the following three factors: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987) ("[W]e have further required the district court to make explicit findings concerning the factors it must consider in rendering judgment by default or dismissal, or in declining to reopen such judgment")). "In weighing these factors, district courts must remain mindful that, like dismissal with prejudice, default is a sanction of last resort." Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 867–68 (3d Cir. 1984) ("We reiterate what we have said on numerous occasions: that dismissals with prejudice or defaults are drastic sanctions."). As a result, courts "must resolve all doubt in favor of proceeding on the merits." Zawadski de Bueno v. Bueno Castro, 822 F.2d 416, 420 (3d Cir. 1987).

**IV. DISCUSSION**

Since Defendants have not filed an answer or otherwise responded to Plaintiffs' Complaint, they are "deemed to have admitted all the allegations" in that pleading. Lansford-Coaldale Joint Water Auth. v. Tonolli Corp., 4 F.3d 1209, 1226 (3d Cir. 1993). Accepting Plaintiffs' allegations as true, Defendants failed to remit certain contributions to the Local 152 Fund Retail Meat Pension Fund pursuant to the parties' CBA. (Pls.' Aff. in Supp. of Mot. for Default J. ¶ 2; see also Okerson Decl. ¶¶ 8-10.) Plaintiffs, citing the Declaration of UFCW Benefit Funds Account Manager Ken Okerson, calculate the amount due for nonpayment of funds to be $236,944.04, which includes $198,177.90 for delinquent contributions, $4,004.25 for interest on the delinquent contributions, and liquidated damages in the amount of $34,761.89. (Id. ¶ 10.) Plaintiffs also request attorneys' fees and costs in the amount of $2,348.02.[3] (Pls.' Aff. in Supp. of Mot. for Default J. ¶¶ 12, 13.) Accordingly, Plaintiffs request a total judgment in the amount of $239,292.06. (Id. at ¶ 16.)

As indicated above, the Court must weigh the following

---

[3] Notably, the Delinquency Collections Policy provides that Plaintiffs are entitled to attorneys' fees in the event of delinquent payments. (See Pls.' Request for Default J., Ex. H, UFCW Local 152 Retail Meat Pension Fund at 8.)

three factors prior to entering default judgment in Plaintiffs' favor: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." Doug Brady, 250 F.R.D. at 177 (internal citation omitted); see also Gowan v. Continental Airlines, Inc., No.Civ.A.10-1858, 2012 WL 2838924, at *2 (D.N.J. July 9, 2012).

As to the first factor, the Court must consider any meritorious defenses available to the Defendants prior to entering default. Absent Defendants' responsive pleadings, however, the Court is unable to readily ascertain any meritorious defenses that would be available to Defendants at this time. Indeed, all the Court has before it are Plaintiff's allegations (which must be accepted as true), and the relevant language of the CBA and Collection of Delinquent Contributions Policy. (Pls.' Aff. in Supp. of Mot. for Default J., Exs. F-H.) There is nothing in these documents to suggest that Plaintiffs would not prevail if the instant action were to proceed.[4] Thus, the first factor is satisfied under the instant circumstances.

---

[4] Specifically, the Collection of Delinquent Contributions Policy sets forth the specific rules and fees for contributions, and the penalties and interest that apply in the event of delinquency. (Pls.' Aff. in Supp. of Mot. for Default J., Ex. H., at 2-8.)

See Gowan, 2012 WL 2838924 at *2 ("Absent Defendants' responsive pleadings, meritorious defenses such as consent, fabrication, immunity, entrapment, alibi, coercion, duress or the statute of limitations do not appear to be available to Defendant."); see also Bricklayers & Allied Craftworkers Local 5 of N.J. Pension & Annuity Funds v. John Eddis Constr., LLC, No.Civ.A.12-0044, 2013 WL 1288178, at *3 (D.N.J. Mar. 26, 2013)(Hillman, J.).

The second factor requires the Court to consider the prejudice — if any — that would be suffered by the party seeking default if judgment is not entered in its favor at this time. Based on the record before it, it is evident to the Court that Plaintiffs' employee beneficiaries would suffer prejudice since they have no other means by which to obtain the allegedly withheld payments. Defendants entered into and agreed to abide by the terms of the CBA and the Collection of Delinquent Contributions Policy, which required Defendants to make certain contributions to the Plaintiff Funds for the benefit of their employees. Plaintiffs aver that Defendants have failed to timely remit these required contributions to the Local 152 Retail Meat Pension Fund pursuant to the terms of the CBA for the time spanning from April 2012 through November 2012. (Okerson Decl. ¶ 9.) Plaintiffs have legitimately attempted to acquire these funds by filing suit against Defendants. Despite

accepting service, Defendants have not answered or otherwise responded to Plaintiffs' Complaint regarding the payments owed to the Local 152 Retail Meat Pension Fund. Therefore, the Court finds that, absent a default judgment, Plaintiffs will continue to be unable to obtain the relief they seek from Defendants. Accordingly, the second factor likewise weighs in favor of entry of default judgment. See <u>Asendia USA, Inc. v. AdvancePost, Inc.</u>, No.Civ.A.12-2169, 2013 WL 877132, at *2 (M.D. Pa. Mar. 8, 2013)(stating that there is a risk of prejudice to the plaintiff if default were denied because as defendant owed it thousands of dollars).

Finally, under the third factor, the Court must consider any degree of culpability on the part of the Defendants. The record clearly indicates that Defendants were each properly served and had notice that a lawsuit had been filed against them. Defendants filed no answer or other responsive pleading, and have made no attempts to receive extensions of time to respond to Plaintiffs' Complaint. The Defendants were given the proper time and opportunity to respond, and Defendants still have not taken any action to respond or otherwise defend. Nor have any formal appearances been entered on behalf of the Defendants on the Docket. Thus, the Court finds no excuse or reason for Defendants' default other than their own conduct.

The third factor therefore also weighs in favor of entry of a default judgment.

The allegations in Plaintiffs' pleadings, taken as true, are sufficient to show that they are entitled to the requested relief. Plaintiffs have supported the requested amount of damages, including the amount of attorneys' fees, with exhibits and affidavits. Accordingly, having considered all the relevant factors, the Court concludes that the instant circumstances warrant default judgment to be entered against Defendants.

**V. CONCLUSION**

For the reasons set forth above, Plaintiffs' Motion for Default Judgment will be granted. An appropriate Order follows.

*/s/ Noel L. Hillman*
_____

At Camden, New Jersey   NOEL L. HILLMAN, U.S.D.J.

Dated: July 9, 2013